UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512<br><br>Request from the Netherlands for Assistance in a Criminal Matter: Money Laundering Investigation | MISC. NO. ____ |

DOJ Ref. # CRM-182-59855

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this ex parte application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Philip R. Mervis, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute a request for assistance in a criminal matter from the Kingdom of the Netherlands (the Netherlands). In support of this application, the United States asserts:

RELEVANT FACTS

1. On July 17, 2017, the Dutch Ministry of Security and Justice submitted a request for assistance (the Request) to the United States, pursuant to the Agreement comprising the instrument as contemplated by Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington on 25 June 2003, as to the application of the Treaty Between the United States of America and the Kingdom

of the Netherlands on Mutual Assistance in Criminal Matters signed at the Hague on 12 June 1981, U.S.-Neth., Sept. 29, 2004, S. TREATY DOC. NO. 109-13 (2006) (the Treaty). As stated in the Request, the Public Prosecutor for Environmental Crimes and Serious Organized Fraud, Functional District Attorney's Office, is investigating crimes, specifically, (habitual) money laundering, embezzlement, and fraud, which occurred between in or about January 2006 and August 2016, in violation of the criminal laws of the Netherlands, namely, Articles 420bis, 420ter, 321, and 326 of the Penal Code of the Netherlands. A copy of the applicable law is included as Attachment A to this application. Under the Treaty, the United States is obligated to render assistance in response to the Request.

2. According to authorities in the Netherlands, David John Quirk (Quirk) is a Canadian citizen by birth, who has resided in the Netherlands for more than ten years, but only has legally registered his residence in the country since 2015. Prior to 2015, Quirk had been residing illegally as an unregistered alien in the Netherlands. Dutch authorities became aware of Quirk's presence in the country as a part of a larger financial investigation of widespread funds transfers into and out of the country through the use of foreign debit and credit cards.

3. As a part of this financial investigation, Dutch authorities lawfully obtained data associated with funds transfers and purchases in the Netherlands associated with a debit card, issued by the Bank of America, N.A., in the United States, with the following full card number XXXXXXXXXXXX0999. Subsequent investigation identified two more debit cards, issued by the Bank of America, N.A., and used by the same individual, with the following full card numbers: XXXXXXXXXXXX8628 and XXXXXXXXXXXX3124, respectively. The investigation further revealed the following transaction activity associated with each debit card:

- Card XXXXXXXXXXXX0999

- o  timeframe:         February 2009 to and including March 2015
- o  amount withdrawn:  476,612.88EUR (including 441,590.00EUR in cash)

- Card XXXXXXXXXXXX8628

    - o  timeframe:         August 2009 to and including May 2013,
    - o  amount withdrawn:  277,125.08EUR (including 211,310.00EUR in cash)

- Card XXXXXXXXXXXX3124

    - o  timeframe:         April 2015 to and including August 2016
    - o  amount withdrawn:  166,467.96EUR (including 160,546.50EUR in cash)

The total amount of cash, using these three Bank of America, N.A. debit cards, withdrawn from automated teller machines (ATMs) in the Netherlands, as well as to purchase goods in the Netherlands, totaled 920,205.92EUR (813,446.50EUR was withdrawn in cash). Further investigation by Dutch authorities of the debit card purchases (106,759.42EUR) confirmed the identity of the purchaser as David John Quirk and his address in the Netherlands.

4.  Dutch tax and revenue authorities conducted further investigation of Quirk and determined that he had no legally acquired income or assets in the Netherlands, even in the ten years preceding his legal residency registration in 2015. Dutch authorities could not account for any legal sources of income for the spending that occurred using these three Bank of America, N.A. debit cards, which occurred from 2009 through August 2016. Based on this investigation, Dutch authorities lawfully searched a residence associated with Quirk and found bank statements (separate, individual statements from 2006, 2007, 2009, and 2010, and from the 2011 through 2015 time frame,) pertaining to a Bank of America, N.A. account number XXXXXXX2412, held in the name of David J. Quirk, 2637 E. Atlantic Boulevard #103, Pompano Beach, Florida 33062-4949. During lawful questioning, Quirk confirmed that the Pompano Beach address is a post office box address. Dutch authorities further confirmed that mail sent to the Pompano

Beach address has been forwarded to Quirk's address in the Netherlands for years.

5. In addition to these bank statements, Dutch authorities also found at Quirk's residence various emails and documents, indicating Quirk was engaged in various schemes to defraud investors. Dutch investigators found boxes copies of fraudulent communications between Quirk and prospective investors in such enterprises as a HIV-testing medical device company which later would go bankrupt, as well as movie projects that never began production, with promises of merchandizing profits. When each of these "projects" was on the brink of failure, Quirk communicated to investors and introduced new investment opportunities, allowing the investor to transfer their current principle investment, with a new buy-in fee. Review of bank statements from 2006 through 2015, and based on further questioning by Quirk, Dutch authorities determined that Quirk defrauded investors of approximately 1.7 million USD.

6. Based on the initial financial investigation, bank statements, and documents found at Quirk's residence in December 2016, Dutch investigators believe that Quirk laundered money from his fraud activities, through the Bank of America, N.A. bank account number XXXXXXX2412, and utilized debit card numbers XXXXXXXXXXXX0999, XXXXXXXXXXXX8628, and XXXXXXXXXXXX3124, respectively, to withdraw cash and make purchases at ATMs in the Netherlands to disguise the actual criminal origin of the funds. To further the investigation, authorities in the Netherlands have asked U.S. authorities to provide bank records associated with Bank of America, N.A. bank account number XXXXXXX2412, and with debit card numbers XXXXXXXXXXXX0999, XXXXXXXXXXXX8628, and XXXXXXXXXXXX3124, respectively, and any further Bank of America, N.A. accounts held in the name of David John Quirk.

## LEGAL BACKGROUND

### The Treaty

7.     A treaty constitutes the law of the land. U.S. Const. art. VI, cl.2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (368) (1989) (internal quotation marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

8.     The United States and the Netherlands entered into the Treaty to provide mutual legal assistance between the states in criminal matters. See Treaty Annex, Article 1. The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, and proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures. Treaty Annex, Article 1(2). In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Treaty Annex, Article 5(1) ("A person from whom evidence is sought, shall, if necessary, be compelled by subpoena to appear and testify or produce documents, records and articles to the same extent as in investigations or proceedings in the Requested State").[1]

---

[1] Dutch authorities have not asked U.S. authorities to keep the Request confidential. Accordingly, the United States is not seeking authorization to issue a non-disclosure order, nor is it seeking an order to seal the court file.

## 18 U.S.C. § 3512

9. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \* \* \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \* \* \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

10. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. §

authorized by an appropriate official of the Department of Justice, to issue orders which are necessary to execute a foreign request.

11.   An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs, which serves as the "Central Authority" for the United States, has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[3]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[4] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See 18 U.S.C. § 3512(a)(1)-(b)(1).  In addition, a federal judge may prescribe any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  See In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989) (court has discretion in prescribing procedures to be followed in executing foreign request under 28 U.S.C. § 1782); cf. White v.

---

3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were previously executed); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B.

[4] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1) and Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

National Football League, 41 F.3d 402, 409 (8th Cir. 1994) (court may issue process necessary to facilitate disposition of matter before it); Fed. R. Crim. P. 57(b).

12. Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents or other things to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; (3) take testimony or statements; and (4) take receipt of documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner Subpoena." Any such subpoena or any other order, subject to subsection (d), may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f). A copy of a "Commissioner Subpoena" is included as Attachment B.

## REQUEST FOR ORDER

13. The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," i.e., the Ministry of Security and Justice, the designated Central Authority in the Netherlands for requests made pursuant to the Treaty, and seeks assistance in the investigation of (habitual) money laundering - a criminal offense in the Netherlands. Furthermore, the requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records falls squarely within that contemplated by both the Treaty and Section 3512. Finally, this application was properly filed in the District of Columbia.

14. Both Section 3512 and the Treaty authorize the use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a treaty request pursuant to Section 3512 and the applicable treaty, likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person other than the recipient(s) of the commissioner subpoena(s).

15. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Philip R. Mervis, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently

designated by the Office of International Affairs) as a commissioner and authorizing the undersigned to take the actions necessary, including the issuance of a commissioner subpoena(s), to obtain the evidence requested in a form consistent with the intended use thereof.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: /s/ Philip R. Mervis

Philip R. Mervis
Trial Attorney
FL Bar Number 41633
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 616-2718 telephone
(202) 514-0080 facsimile
Philip.Mervis@usdoj.gov

testify and/or produce evidence located within the United States;

2. shall adopt procedures to collect the evidence requested consistent with its use in the investigation, prosecution, or proceeding in the Netherlands for which the Public Prosecutor for Environmental Crimes and Serious Organized Fraud, Functional District Attorney's Office has requested assistance, which may be specified in the Request or provided by, or with the approval of, the Ministry of Security and Justice;

3. may, in collecting the evidence requested, be accompanied by persons whose presence or participation is authorized by the commissioner, including, without limitation, individuals employed by United States Law Enforcement Agencies and/or representatives of the Netherlands who, as authorized or directed by the commissioner, may direct questions to any witness;

4. may seek such further orders of this Court as may be necessary to execute this Request, including orders to show cause why persons served with commissioner subpoenas who fail to appear and/or produce evidence should not be held in contempt, and protective orders to regulate the use of the evidence collected; and

5. shall transmit the evidence collected to the Netherlands.

Date: _____                        _____
                                          UNITED STATES MAGISTRATE JUDGE